Filed 4/1/16  P. v. Jones CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICAH LITTLEJOHN JONES,<br><br>    Defendant and Appellant. | F069703<br><br>(Super. Ct. No. 1426684)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Marie Sovey Silveira, Judge.

Shannon Chase, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Kane, Acting P.J., Franson, J. and Smith, J.

Appellant Micah Littlejohn Jones pled no contest to assault by means of force likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(4).)[1]  On appeal he contends:  (1) he did not enter his plea knowingly or voluntarily; and (2) he was denied the effective assistance of counsel in entering his plea.  We find merit to Jones's first contention and reverse.

## FACTS

On December 11, 2010, while a patient at the Doctors Behavioral Health Center in Stanislaus County, Jones physically assaulted his roommate.

On December 14, 2010, the district attorney filed a complaint charging Jones, under the name of Aaron Steven Jones, with battery with serious bodily injury (§ 243, subd. (d)).

On February 22, 2011, the court found Jones incompetent to stand trial (§ 1368), and suspended criminal proceedings.

On June 23, 2014, after the court reinstated criminal proceedings, Jones pled no contest to assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)).  During the plea proceedings, the court stated:

> "[Y]ou're prepared today to enter a plea to a violation of [section] 245[, subd.] (a)(4) of the Penal Code, which is assault by means of force likely to cause great bodily injury.  *It is a non-strike offense*.  The sentence would be three years in state prison concurrent to any other term, and since this crime happened in 2010, it would appear that you're [sic] time served.  You would be released on a period of parole under this case as well."  (Italics added.)

While explaining the consequences of his plea to Jones, the court asked him if he understood that "[u]nder the terms of [his] plea bargain, the crime *[was] being reduced to a non-strike offense*."  (Italics added.)  Jones acknowledged that he did.

---

**1**      All further statutory references are to the Penal Code.

When the court asked for the factual basis of the plea, the following colloquy occurred:

> "THE COURT:  Do you agree there's a factual basis for the plea?
>
> "[DEFENSE COUNSEL]:  Yes.  [¶] … [¶]
>
> "THE COURT:  [Prosecutor], would you please recite the factual basis?
>
> "[PROSECUTOR]:  Yes.  [¶]  On or about December 11th, 2010, [Jones] was a patient at Doctors Behavioral Health Center.  At that time he was placed in a room with another patient who was being treated at the facility.  [Jones] began hitting the victim numerous times in the face *causing two of his teeth to be broken out*.
>
> "THE COURT:  Do you agree that's what the People's evidence would show?
>
> "[DEFENSE COUNSEL]:  Yes."

After Jones entered his no contest plea to the assault charge, the court stated:

> "The court finds [Jones] understands the nature of the crime, the defenses, the consequences of the plea. *There's a factual basis for this plea based on the facts recited by the People and stipulation by defense counsel*."  (Italics added.)

On June 25, 2014, pursuant to his plea agreement, the court sentenced Jones to a three-year prison term.  Because of the 2,177 days of presentence custody credit Jones received, he did not have to serve any additional time on his sentence and was to be released on parole.[2]

## DISCUSSION

Any offense in which the defendant personally inflicts great bodily injury qualifies as a strike conviction under the three strikes law.  (§§ 667, subds. (c) & (d)(1), 1192.7,

---

[2]  The court did not advise Jones, pursuant to section 1192.5, that its approval was not binding, and that he could withdraw his plea if the court withdrew its approval before sentencing.

subd. (c)(8).)  Jones contends his assault conviction could be "considered and charged as a strike," because during the change of plea proceedings, the prosecutor stated that the factual basis for the plea was that Jones struck the victim numerous times in the face "causing two of his teeth to be broken out."  He further contends he should be allowed to withdraw his plea because it was induced by the illusory promise that he was pleading to a non-strike offense.  Alternatively, he contends he was denied the effective assistance of counsel by defense counsel's failure to ensure that he pled to an offense that did not qualify as a strike, and to advise him that in fact it did.  We agree with Jones's first contention and find that his second contention is moot.

> "'Plea bargaining is an accepted practice in our criminal justice system.'  [Citation.]  Upon the acceptance of a plea specifying the punishment available to the sentencing court, the court may not impose a punishment more severe than that specified in the plea bargain.  [Citation.]  'Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant ... cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea.'  [Citation.]  'When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.  The punishment may not significantly exceed that which the parties agreed upon.'  [Citation.]  It is well settled that a disposition harsher than that agreed to by the court or the prosecution may not be imposed on a defendant.  [Citation.]

> "The usual remedy for violation of a plea agreement, where the plea bargain cannot be specifically enforced, is to allow the defendant to withdraw the plea and go to trial on the original charges….  Pursuant to … section 1192.5, a defendant must be informed by the trial court prior to the negotiated plea of guilty or no contest that the trial court's approval of the plea bargain is not binding and may be withdrawn.  The defendant must also be advised that if approval of the bargain is withdrawn, the defendant has the right to withdraw the plea of guilty or no contest.  [Citation.]  If a defendant, who has been admonished concerning the right to withdraw the plea, does not object to punishment in excess of the bargain, the defendant relinquishes the right to withdraw the plea.  [Citation.]  If a defendant has not been properly admonished, a failure to

4

object to increased punishment does not waive the defendant's right to the benefit of the bargain." (*In re Jermaine B.* (1999) 69 Cal.App.4th 634, 639-640.)

Jones entered his plea to the assault charge based on the agreement by the parties and the court that it would not qualify as a strike conviction under the three strikes law (§ 667, subds. (b)-(i)).[3] However, in stating the factual basis for the plea, the prosecutor stated, and defense counsel stipulated, that Jones's assault offense involved Jones hitting the victim in the face, "causing two of his teeth to be broken out." Such injuries can constitute great bodily injury. (*People v. Jung* (1999) 71 Cal.App.4th 1036, 1042 ["abrasions, lacerations and bruising can constitute great bodily injury"]; *People v. Hale* (1999) 75 Cal.App.4th 94, 108 ["broken and smashed teeth, split lip and cut under (victim's) eye are sufficient evidence of great bodily injury"].) Thus, in violation of his plea agreement, Jones pled no contest to an offense that qualified as a strike under the three strikes law. Further, because the trial court did not give a section 1192.5 admonition, Jones did not forfeit this issue on appeal by his failure to object to the prosecutor's recitation of the factual basis of his plea. (*Villalobos, supra*, 54 Cal.4th at p. 182.) Thus, we agree with Jones that he did not enter his plea knowingly and voluntarily, because the provision in his plea agreement that he would plead to assault as a non-strike offense was illusory.

Respondent contends Jones's claim is not ripe for review because "[i]t is conjectural whether [in the future he] will be convicted of an offense, which, in combination with the assault, will bring him within the 'Three Strikes' law sentencing scheme." Respondent further contends "[t]here is no reason to believe that the District Attorney would violate [the] plea agreement, in any future … prosecutions." We reject these contentions.

---

**3** Since the trial court did not give a section 1192.5 admonition, Jones's failure to object to the prosecutor's recitation of the factual basis of his plea does not waive his claim on appeal. (*People v. Villalobos* (2012) 54 Cal.4th 177, 182 (*Villalobos*).)

"'The ripeness requirement, a branch of the doctrine of justiciability, prevents courts from issuing purely advisory opinions. [Citation.] It is rooted in the fundamental concept that the proper role of the judiciary does not extend to the resolution of abstract differences of legal opinion. It is in part designed to regulate the workload of courts by preventing judicial consideration of lawsuits that seek only to obtain general guidance, rather than to resolve specific legal disputes. However, the ripeness doctrine is primarily bottomed on the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy. On the other hand, *the requirement should not prevent courts from resolving concrete disputes if the consequence of a deferred decision will be lingering uncertainty in the law, especially when there is widespread public interest in the answer to a particular legal question.* [Citations.]' As the Court of Appeal observed in *California Water & Telephone Co. v. County of Los Angeles* (1967) 253 Cal.App.2d 16, 22, '[a] controversy is "ripe" when it has reached ... the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made.'" (*Vandermost v. Bowen* (2012) 53 Cal.4th 421, 452.)

Jones's appeal presents a concrete dispute of facts that are sufficiently congealed to permit this court to render an intelligent and useful decision, and it does not require this court to resolve an abstract difference of legal opinion. Instead, it requires us to determine whether Jones's plea was conditioned on Jones admitting an offense that did not qualify as a strike under the three strikes law, and whether the manner in which his plea was taken abrogated this condition. Whether Jones's assault conviction qualifies as a strike in the future under an amended three strikes law or some recidivist statute is irrelevant because it qualifies now and that is what Jones bargained to avoid. Thus, we reject respondent's contention that Jones's appeal is not ripe for decision.

Further, although the prosecutor and the court have a duty to uphold the terms of a plea agreement (*People v. Camp* (2015) 233 Cal.App.4th 461, 480), the onus would always be on Jones to ensure that other prosecutors were aware of the terms of his plea, which could be subject to varying interpretations. There is also no guarantee that a different jurisdiction, state or federal, would honor the agreement. Thus, we conclude

6

that the appropriate remedy is to remand the matter to the trial court to allow Jones the opportunity to withdraw his plea.[4]

## DISPOSITION

The judgment is reversed and the cause is remanded to the trial court to allow Jones an opportunity to move to withdraw his plea. If Jones does not do so within 30 days of the issuance of the remittitur in this court, the trial court is directed to reinstate the judgment.

---

[4] This conclusion renders Jones's ineffective assistance of counsel claim moot.